**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2397-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SHAWN SOUTHERLAND,
a/k/a KEITH DAVIS,
and SHAWN OBEE,

    Defendant-Appellant.

_____

Argued September 11, 2025 – Decided September 19, 2025

Before Judges Mawla and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 09-10-1750.

Shawn Southerland, appellant, argued the cause pro se.

Khyzar Hussain, Assistant Prosector, argued the cause for respondent (Esther Suarez, Hudson County Prosecutor, attorney; Khyzar Hussain, on the brief).

PER CURIAM

Defendant Shawn Southerland appeals from the denial of his fourth motion for post-conviction relief (PCR) without an evidentiary hearing, third motion for a new trial, and second motion for assignment of counsel. We affirm.

Following a nine-day bench trial in 2012, defendant was convicted of murder, N.J.S.A. 2C:11-3(a)(1) or N.J.S.A. 2C:11-3(a)(2), and two counts of hindering apprehension, N.J.S.A. 2C:29-3(b)(1), arising from the murder of his live-in girlfriend. Thereafter, the trial court denied defendant's motion for acquittal and a new trial. Defendant was subsequently sentenced to a thirty-year prison term on the murder charge with a thirty-year parole bar, and a concurrent five-year prison term.

The facts leading to defendant's conviction are set forth in our earlier opinion affirming defendant's convictions and sentence. State v. Southerland (Southerland I), No. A-4663-11 (App. Div. Jan. 30, 2015) (slip op. at 6-14, 29). We rejected defendant's argument that the police officer's testimony regarding a telephone conversation he overheard between defendant and the victim's brother violated the New Jersey Wiretapping and Electronic Surveillance Control Act (Wiretap Act), N.J.S.A. 2A:156A-1 to -34, and that the officer's lengthy presence in the victim's apartment constituted an unlawful search. We concluded "[t]he officer did not 'intercept' the calls with an 'electronic,

A-2397-23

mechanical or other device'" because "[h]e simply listened to the speaker phone as [the victim's brother] spoke with defendant." The Supreme Court denied his petition for certification. State v. Southerland, 221 N.J. 566 (2015).

Defendant filed his first PCR petition asserting his designated standby counsel was ineffective. The PCR court denied his petition. We affirmed. State v. Southerland (Southerland II), No. A-3299-15 (App. Div. Mar. 19, 2018) (slip op. at 1). The Supreme Court denied defendant's petition for certification. State v. Southerland, 235 N.J. 351 (2018).

Defendant filed a second PCR petition, which was denied by the PCR court as not cognizable under Rule 3:22-4(b)(2), which restricts the issues that can be raised in a second PCR petition. The PCR court also concluded that defendant's argument regarding the police officer's testimony and the "unlawful search" were disposed of on direct appeal and in his first PCR petition.

Defendant also moved for a new trial based on newly discovered evidence. Shortly thereafter, defendant moved for reconsideration of the order denying his second PCR petition. The judge denied defendant's motion, relying on our prior opinions affirming the denial of defendant's appeals. The judge also restated defendant's telephone conversation had been fully addressed and therefore, it was not "in the interest of justice" to order a new trial.

We affirmed the denial of defendant's second PCR petition and the denial of his motion for a new trial and reconsideration. State v. Southerland (Southerland III), No. A-3064-19 (App. Div. Feb. 16, 2022) (slip. op. at 7). The Supreme Court denied his petition for certification. State v. Southerland, 253 N.J. 48 (2023).

Defendant filed a third PCR petition, asserting for the first time on appeal, that the certification of chief litigation counsel was newly discovered evidence. The PCR court denied the motion, finding defendant did not establish good cause to overcome the procedural bar of Rule 3:22-4. As to the merits, the court cited our holding in Southerland I, which established that the police officer did not violate the Wiretap Act by simply overhearing defendant's conversation with the victim's brother. The court also reasoned that the chief litigation counsel's certification was "irrelevant and ha[d] no bearing on whether [defendant]'s appellate counsel was ineffective."

Once again, defendant moved for a new trial. The PCR court denied the motion and concluded that good cause did not exist to assign counsel based on the denial of the PCR petition. The court explained a new trial was not warranted based on the reasons expressed in the denial of defendant's third PCR

petition and it was not in the "interest of justice" to require a new trial. Defendant again moved for reconsideration, which was denied.

We affirmed the denial of defendant's third PCR petition, as well as the denial of his motions for a new trial and reconsideration. State v. Southerland (Southerland IV), No. A-0991-21 (App. Div. July 21, 2023) (slip. op. at 2). The Supreme Court denied his petition for certification. State v. Southerland, 255 N.J. 408 (2023).

Defendant filed a fourth PCR petition, which was denied. He also renewed two requests: a third motion for new trial based on chief litigation counsel's certification and a second motion for assignment of counsel. Additionally, in his motion for a new trial, defendant raised a new argument based on information concerning the mental health and criminal history of the victim's adult son, a witness at defendant's trial. This information was derived from a May 4, 2023 news article describing a then-recent incident in New York involving the victim's son. The trial court denied these renewed motions. Defendant subsequently moved for reconsideration, which was also denied.

On appeal, defendant presents the following points for our consideration:

> POINT I – THE PCR COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A NEW TRIAL BASED UPON NEWLY DISCOVERED EVIDENCE WITHOUT APPOINTMENT OF COUNSEL IN

5

DEVELOPING THE RECORD ON THE ISSUE THAT HAS EVADED FULL AND FAIR REVIEW BEFORE SEVERAL PCR COURTS AND APPELLATE COURTS.

A. Defendant Was Denied Due Process on His First Appeal as of Right (Not Raised Below).

B. Rule 3:22-5.

POINT II – THE PCR COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A NEW TRIAL BASED UPON NEWLY DISCOVERED EVIDENCE ITS PRIMARY WITNESS SUFFERED FROM SERIOUS MENTAL ILLNESS ISSUES AND CRIMINAL ARREST AND/OR CONVICTION(S); THEREBY, VIOLATING DEFENDANT'S DUE PROCESS RIGHT TO A FAIR TRIAL UNDER N.J. CONST[ITUTION], ART. [I], PAR. 10; AND U.S. CONST[ITUTION] AMEND. IV, WARRANTING REVERSAL OF DEFENDANT'S CONVICTIONS AND NEW TRIAL.

Defendant argues for the first time on appeal that he was denied due process in his first appeal. In support of his argument, defendant contends that we should consider his claim of ineffective assistance of counsel because neither the PCR courts nor our prior opinions have addressed the specific assertion that the chief litigation counsel's certification constitutes newly discovered evidence relevant to his PCR claims and motion for a new trial.

Generally, unless an issue goes to the jurisdiction of the trial court or concerns matters of substantial public interest, we will ordinarily not consider

it.  Neider v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).  However, for sake of completeness, we briefly address defendant's contention to the extent necessary to bring some form of closure to this matter.

We apply a de novo standard of review when a PCR court does not conduct an evidentiary hearing.  State v. Walker, 478 N.J. Super. 553, 560 (App. Div. 2024).  However, a PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion.  State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).  When petitioning for PCR, a defendant must establish he is entitled "to PCR by a preponderance of the evidence."  State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (citing State v. Preciose, 129 N.J. 451, 459 (1992)).

At the outset, we note defendant's contention is not supported by the record.  Even if we were to consider defendant's arguments under State v. Carter, 85 N.J. 300, 214 (1981) and State v. Nash, 212 N.J. 518, 549 (2013), the substance of his claim—the admissibility of the police officer's testimony and the application of the Wiretap Act—has already been thoroughly addressed and adjudicated on direct appeal.  Therefore, our ruling in Southerland I

"constitute[d] a procedural bar to the reassertion of the same ground as a basis for post-conviction review." Preciose, 129 N.J. at 476 (citing R. 3:22-5).

The subsequent PCR courts' rulings were consistent with the well-established principle that "[p]ost-conviction relief is neither a substitute for direct appeal, . . . nor an opportunity to relitigate cases already decided on the merits." Preciose, 129 N.J. at 459 (citation omitted). We reach the same conclusion as in Southerland IV; this is yet another attempt by defendant to relitigate an issue previously raised, argued, and rejected in earlier trial proceedings, and ultimately rejected by this court in prior appeals. Southerland IV, slip op. at 9-10. Under Rule 3:22-5, defendant's argument remains procedurally barred.

We also add that motions for a new trial rest in the sound discretion of the trial judge and will not be disturbed on appeal absent a clear showing of abuse of discretion. State v. Smith, 224 N.J. 36, 49 (2016). Motions for a new trial based on newly discovered evidence must consist of proof which would affect the jury's verdict. Id. As noted in our prior rulings in Southerland III and IV, as well as by the fourth PCR court, defendant's argument concerning the chief litigation counsel's certification does not alter our ruling in Southerland I. The record demonstrates defendant's conviction was not based solely on the police

officer's trial testimony. Rather, the testimony was just one piece of evidence presented by the State to the jury. We discern no error. Defendant's third motion for a new trial and second motion for assignment of counsel was therefore properly denied. Accordingly, we reject defendant's argument that we have not afforded him a full and fair review.

At oral argument, defendant waived argument on Point II, which contended that a news article disclosing the victim's adult son's mental health issues and criminal history constituted newly discovered evidence. Therefore, we need not address this point.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M. C. Harley

Clerk of the Appellate Division